

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 17, 1959

The Honorable Zollie Steakley
Secretary of State
Capitol Station
Austin 11, Texas

Opinion No. WW-768

Re: The authority of the
Secretary of State to accept
and file proposed articles
of incorporation having the
purpose to act as attorney-in-
fact for a reciprocal or inter-
insurance exchange organized
and operating under the pro-
visions of Chapter 19, Texas
Insurance Code.

Dear Mr. Steakley:

You have asked our opinion on the authority of your office to
accept and file articles of incorporation which include the following
purpose clause:

"The purpose for which the corporation is organ-
ized is to act as the attorney-in-fact for a reciprocal or
inter-insurance exchange organized and operating under
the provisions of Chapter 19, Texas Insurance Code."

Prior to the passage of the Texas Business Corporation Act, a
corporation could be organized in Texas only if its proposed purpose was
specifically authorized by the laws of this state. In one of the most
fundamental changes made in our corporate law by the Business Corp-
oration Act, corporations may now be organized for any lawful purpose
or purposes (Art. 2.01A). However, as originally enacted the Texas
Business Corporation Act specifically prohibited the incorporation there-
under of Attorneys-in-Fact for reciprocal exchanges (Art. 2.01B(4)(d).

It has been held that prior to the passage of Article 1513a, Vernon's
Civil Statutes the purpose "to act as attorney-in-fact for a reciprocal or
inter-insurance exchange" was not a lawful purpose for which corporations
could be formed in Texas (WW-395). Article 1513a is a special act authoriz-
ing the creation of corporations the purpose of which may be, among other
things, to act as attorneys-in-fact for reciprocal exchanges. They must
meet certain specified requirements among which is a fully paid in capital
of $500,000. Being a special act dealing with a particular kind of corporation,
Article 1513a was not repealed by the passage of the Texas Business

Corporation Act (9.15B).

At one time, then, the only manner in which a domestic corporation proposing to act as attorneys-in-fact for a reciprocal or inter-insurance exchange could be created in Texas was by meeting the requirements of Article 1513a. Such situation was altered by the last Legislature by the passage of S.B. 90, which amended Article 19.02 of the Texas Insurance Code.

Section 1 thereof reads as follows:

"A corporation may be organized in Texas to act as attorney-in-fact for a reciprocal or inter-insurance exchange. The general laws for incorporation shall supplement the provisions of this Act to the extent that they are not inconsistent with the provisions hereof."

The "general laws for incorporation" referred to are obviously those in effect at the time of the passage of the Act and mean in this case the Texas Business Corporation Act.

Section 3 of S.B. 90 provides:

"Chapter 388 of the Acts of the 55th Legislature, 1957, (Article 1513a) shall not apply to a corporation, either domestic or foreign, which acts only as attorney-in-fact for a reciprocal or inter-insurance exchange."

By virtue of this provision corporation attorneys-in-fact for reciprocals need no longer meet the rather stringent capitalization requirements of Article 1513a.

The "repealer" clause of S. B. 90 is found in Section 4 thereof and provides that "all laws or parts of laws in conflict with the provisions of this Act are hereby repealed. . ." Section 1 of the Act, providing in effect that acting as an attorney-in-fact for a reciprocal or inter-insurance exchange is a lawful purpose and providing that the general laws for incorporation shall apply, being in conflict with Article 2.01B(4)(d) of the Texas Business Corporation Act, the latter is repealed insofar as it is in conflict. City of Fort Worth v. State, ex rel. Riglea Village, 186 S.W.2d 323, 327.

Had the Legislature intended that corporations of the type in question be incorporated by the State Board of Insurance, it would have been a simple matter so to provide. Instead, the Legislature has directed their incorporation by your office by virtue of the reference to the general laws for incorporation contained in Section 1 of the Act.

In answer to your question, then, we hold that your office has authority to accept and file the articles of incorporation in question.

### SUMMARY

The Secretary of State has the authority to accept and file articles of incorporation having the purpose "to act as the attorney-in-fact for a reciprocal or inter-insurance exchange organized and operating under the provisions of Chapter 19, Texas Insurance Code."

Very truly yours,

WILL WILSON
Attorney General of Texas

By _____
R. V. Loftin, Jr.
Assistant

RVL:jg

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman

C. K. Richards
B. H. Timmons, Jr.
W. O. Schultz
Robert Bud Lewis

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Leonard Passmore